**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| STATE OF OHIO, | Case No. 1:21-cv-388 |
| Plaintiff, | |
| | Dlott, J. |
| v. | Bowman, M.J. |
| DURAND E. MURRELL, | |
| Defendant. | |

### REPORT AND RECOMMENDATION

The above captioned case was removed to this Court by the *pro se* Defendant and/or his non-attorney representative, who paid the requisite filing fee for removal. The undersigned now recommends the *sua sponte* dismissal and summary remand of this action based upon improper removal, and for lack of subject matter jurisdiction.

**I.  Background**

On June 8, 2021, a person who identifies himself as "Rasheed Malik Moorese El by way of Consul limited special appearance…." filed what was docketed as a "Notice of Removal" in this federal Court, purporting to "remove" as a new civil case what appears to be a criminal case filed against Defendant Durand E. Murrell in Butler County Court, Area III, in West Chester, Ohio.

The referenced criminal case charges Mr. Murrell with a violation of O.R.C. § 2923.13 (Having Weapons While Under Disability). *See* CRA 21000532. According to the public docket of the Butler County court, the referenced case was filed following Defendant's May 31, 2021 arrest, and is one of three criminal matters initiated on the same June 1, 2021 date. The other two matters concern marijuana-related drug charges

against Defendant. *See* CRB 2100531A and CRB 2100531B. http://docket.bcareacourts.org/recordSearch.php (accessed on July 26, 2021). In addition to criminal matters, the state court record reflects two pending traffic offenses for driving under suspension and for speeding that appear to have arisen from the same encounter with law enforcement. *See* TRD2101767A and TRD2101767B.

The Butler County court docket sheet of the removed case, CRA 2100532, reflects that Defendant was released on bond following his arrest, and was directed to appear for a preliminary hearing on June 8, 2021 (the same date that the instant federal case was filed). However, the bond was forfeited after Defendant failed to appear in state court. A warrant for his arrest was issued on June 9.[1]

Although filed as a case removed from state court, the filer has captioned the 7-page main document as a "Notice of Consul; Emergency Affidavit of Fact and Truth with Notice/Order to Dismiss; Challenge of Jurisdiction to Proceed; Demand of Oaths and Nationalities/Citizenships of all Soliciting Parties on the Record for the Record within 21 Days." (Doc. 1 at 1). The body of the main document is nonsensical. However, with its multiple references to Moors, citizenship, and challenges to the state court's jurisdiction, the document closely resembles many similar filings made by "sovereign citizens." Towards the end of the body of the main document appears to be a demand for monetary damages. (Doc. 1 at 7, "All colorable violations of this document penalized at $300K USD lawful coinage and/or monies per violation and per day until cured.").

---

[1] Defendant also failed to appear on the marijuana charges, the driving under suspension charge, or the speeding charge. State court records reflect that warrants were issued on all of those charges on June 28, 2021.

2

As stated, whether the "filer" of this document is a party to the state court action remains unclear. The document is not signed in any traditional sense, but instead states that it was "Prepared By Royal Consul El Pharoah El Amer II of The Holy Royal Family of AANMR On behalf of: Rasheed Malik Moorese El." In place of a signature appears a photograph of an individual and a thumbprint, along with the following language:

> Color of law may not be imposed thus notary services unnecessary on this self-authenticating document. Both submitting parties live autograph and right thumb prints are sufficient endorsement and notation.

(Doc. 1 at 7).

In addition to the main document, the filing individual has submitted 2 pages of part of the "state court record," bearing the case caption of Case Number CRA 2100532. (Doc. 1-1). The filer has also included a "civil cover sheet" and a "supplemental civil cover sheet" which purport to transform the referenced state *criminal* case into a federal *civil* case. (Docs. 1-2 and 1-3). The "Civil Cover Sheet" lists two Plaintiffs: Rasheed Malik Moorese El and Durand Edward Murrell. The Defendants are listed as State of Ohio and Judge Jeffrey Bowling. (Doc. 1-3). On the "Supplemental Civil Cover Sheet for Cases Removed from State Court," the filer identifies "Rasheed M. Moorese El" as the sole Plaintiff and the Defendant as the "State of Ohio et al." (Doc. 1-2).

Last, the filer has attached three civil Summons forms from this Court addressed to three "Defendants": Judge Jeffrey Bowling, Tpr. J. Patenaude, Badg[e] #1050, and the State of Ohio. The Summons forms bear a civil case caption of "Rasheed Malik Moorese El v. State of Ohio et al., and indicate they are to be returned to the "Plaintiff" identified as "Rasheed Malik Moorese El, c/o 3401 Clingstone Way, Louisville KY 40220."

**II.    Analysis**

Upon *sua sponte* review, the undersigned has determined that the attempted removal of the state court criminal action is improper.  For the reasons that follow, this case should be summarily dismissed and remanded to state court.

At the outset, the undersigned notes that any *pro se* litigant's complaint, regardless of whether they proceed *in forma pauperis*, may be screened for frivolousness under the authority of *Apple v. Glenn,* 183 F.3d 477, 479 (6th Cir. 1999).   To the extent that the pro se filer is a separate person who is not an attorney but is attempting to represent Defendant Durrand as a plaintiff/petitioner in this Court, he cannot do so.[2]

> A party in federal court must proceed either through licensed counsel or on his or her own behalf. *See* 28 U.S.C. § 1654. A *pro se* litigant can only represent his own interests, and can only sign pleadings on his own behalf.

*Fields-Bey v. Lipford*, 2012 WL 1023049, at *1 (W.D.Tenn. March 26, 2012) (internal footnotes omitted).

As noted, the main document filed in this removal action incorporates verbiage commonly used in "sovereign citizen" cases.   The Sixth Circuit has affirmed the summary dismissal of such cases and defenses in many contexts, as have other courts around the country. *See e,g.*, *United States v. Coleman*, 871 F.3d 470, 476 (6th Cir. 2017) (collecting cases and noting that Defendant's "legal arguments directly correspond to meritless rhetoric frequently espoused by tax protesters, sovereign citizens, and self-

---

[2] The language of the "removal" document is written as if Mr. Raheed Malik Moorese El is a separate person who purports to represent Mr. Durrand.   However, the undersigned cannot entirely discount the possibility that two separate names are used by the same individual, as "sovereign citizens" have been known to refer to themselves in the third person and to adopt "Moorish" names. The address listed for Mr. Murrell on the pages of the Butler County criminal court record, and the address listed on Mr. El's "summons" forms, are one and the same.

4

proclaimed Moorish-Americans."); *El Bey v. Doe*, 2017 WL 3923753 (W.D.N.Y., 2017) (dismissing federal habeas corpus case based upon "Moorish claims.").

The most fundamental problem, however, is the lack of any federal subject matter jurisdiction for the removal of this case. Federal courts are courts of limited jurisdiction, and may examine jurisdictional issues *sua sponte*. A challenge to subject matter jurisdiction over a removed case may be raised at any time before final judgment. *See Page v. City of Southfield,* 45 F.3d 128, 133 (6th Cir.1995) ("[L]ack of subject matter jurisdiction ... requires the court to remand at any time prior to final judgment."); *accord* Rule 12(h)(3), Fed. R. Civ. P. "A federal court may remand a case *sua sponte* where the allegations of the complaint which gave rise to the federal jurisdictional basis are insufficient to confer subject matter jurisdiction on the court." *Lexington-Fayette Urban County Government Civil Service Com'n v. Overstreet*, 115 Fed. Appx. 813, 816-17 (6th Cir. 2004)

The limits of subject matter jurisdiction cannot be expanded through the improper removal of an action from state court. In order for removal jurisdiction to exist for Defendant to remove a <u>civil</u> case from state to federal court, there must have been a "civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Here, Defendant is not attempting to remove a civil case, but instead is attempting to remove a criminal case, in which he is being prosecuted by the State of Ohio. Defendant cannot magically transform a state case in which he is a criminal defendant into a civil lawsuit that he is prosecuting against the State of Ohio.

In addition to the lack of any authority to transform a state criminal case into a federal civil case through the act of removal, Defendant has failed to show any rational basis to support federal question or diversity jurisdiction for a civil lawsuit based upon the State of Ohio's original criminal complaint.[3]

> If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.  An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.  A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case.

28 U.S.C. § 1447(c).

Defendant would fare no better if he is attempting to remove his state criminal case to this Court under the operable federal criminal removal statutes.  "Under federal law, state criminal proceedings may be removed to federal court in only rare circumstances." *Michigan v. Mixon*, 2021 WL 1439706, at *1 (E.D.Mich., April 16, 2021). Defendant here does not set forth any "short and plain statement of the grounds for removal" under 28 U.S.C. § 1455 or any other authority that would support removal of the Butler County proceeding to this Court.  *See generally, Michigan v. McGrath*, 2021 WL 1178633, at *1 (W.D.Mich. March 9, 2021).

In *Ohio v. Horton*, Case No. 1:19-cv-838-SKB-SJD, 2019 WL 5059992, at *2 (S.D. Ohio, October 9, 2019), the undersigned considered a similar case in which a state court criminal defendant filed an improper removal notice in order to initiate a new civil case in this Court.  For the reasons state in *Horton*, the undersigned recommends summary dismissal in this case.  *Id*., (R&R dismissing improper removal of state criminal case

---

[3]It is the original state court complaint that the federal court examines to determine the basis for jurisdiction.

adopted in part, case remanded and dismissed without prejudice at 2019 WL 5696065 (S.D. Ohio Nov. 4, 2019). In sum, whether considered as an improperly removed civil case or an improperly removed criminal case, summary remand is appropriate. "Where a state prosecution is improperly removed, it must be remanded to the state court from which it was removed." *Ohio v. Horton*, 2019 WL 5696065, at *1.

### III. Conclusion and Recommendations

Accordingly, for these reasons, it is therefore **RECOMMENDED:**

1. This case should be immediately dismissed and **REMANDED** to the Butler County Area III court from which it was improperly removed;

2. The Court should certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of this Order would not be taken in good faith and therefore deny Defendant leave to appeal *in forma pauperis*. Defendant remains free to apply to proceed *in forma pauperis* in the Court of Appeals.

                                        *s/ Stephanie K. Bowman*
                                        Stephanie K. Bowman
                                        United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| STATE OF OHIO, | Case No. 1:21-cv-388 |
| Plaintiff, | |
| | Dlott, J. |
| v. | Bowman, M.J. |
| DURAND E. MURRELL, | |
| Defendant. | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).